UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| James Soderbeck,<br><br>        Plaintiff,<br>v.<br><br>Diversified Collection Services, Inc., Rita Hill, individually and Great Lakes Higher Education Guaranty Corporation,<br><br>        Defendants. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and for the invasion of Plaintiff's privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff James Soderbeck is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant Diversified Collection Services, Inc. (hereinafter referred to as "Defendant DCS") is a debt collection agency headquartered at 600 Coon Rapids

Boulevard, Coon Rapids, Minnesota 55433. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

5. Defendant Rita Hill (hereinafter referred to as "Defendant Hill") is an employee of Defendant DCS and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Great Lakes Higher Education Guaranty Corporation (hereinafter referred to as "Defendant Great Lakes") is a debt collection agency headquartered at 2401 International Lane, Madison, Wisconsin 53704-3192. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to January 1, 2011 Plaintiff allegedly incurred student loans with Wells Fargo EFS, which are "consumer debts" as that term is defined by 15 U.S.C. § 1692a(5).

8. Prior to January 1, 2011 these consumer student loan debts were transferred, purchased, or otherwise directed to Defendants for collection.

9. Great Lakes began to place collection calls to Plaintiff at his telephone number and also to his father's separate residence after January 2011.

10. In March of 2011 Plaintiff advised Defendant Great Lakes that it had his correct telephone number and address contact information and to cease communication with his father as he did not live with him.

11. Plaintiff also communicated and negotiated a forbearance agreement with Great Lakes.

12. On or about June 7, 2011 Defendant Great Lakes called Plaintiff's father again and disclosed to him that Plaintiff was about to default on his student loans, in violation of 15 U.S.C. §§1692b, 1692c, 1692d and 1692f.

13. In turn Plaintiff's father then contacted Plaintiff in a panic and inquired about the assertions that Great Lakes had communicated to him.

14. Plaintiff was ashamed and humiliated that his father was now aware of his financial hardship.

15. Beginning in July of 2011 Defendant DCS and Hill began to attempt to contact Plaintiff.

16. Defendant Hill called Plaintiff's father despite having Plaintiff's personal home address and telephone number, in violation of 15 U.S.C. 1692b.

17. Defendant Hill also called Plaintiff's work pretending to be a Fairview Health Services patient/customer by utilizing the patient/customer service telephone line and left a message for Plaintiff to return the call.

18. Plaintiff returned the call to Hill on or about July 19, 2011 who bullied, abused and attempted to scare Plaintiff by threatening Administrative Wage Garnishment despite the fact that Plaintiff's student loan had only slipped into default in June 2011, in violation of 15 U.S.C. §§1692d, 1692e(5) and 1692f.

19. Hill continued to oppress and threaten Plaintiff with false assertions that her office had been authorized by the United States Department of Education to proceed with wage garnishment if Plaintiff did not agree to pay in full or apply for the loan

rehabilitation program (wherein payments would be $129.00) no later than Thursday July 21, 2011.

20. Hill stated if Plaintiff did not set up the payment play by July 21, 2011 the wage garnishment would begin, in violation of 15 U.S.C. §§1692d, 1692e and 1692f.

21. These threats overshadowed Plaintiff's rights to dispute the debt and request validation, in violation of 15 U.S.C. §1692g.

22. Fearful and confused Plaintiff immediately contacted an attorney to seek legal advice.

23. Plaintiff retained attorney Thomas J. Lyons late in the day on July 19, 2011.

24. Defendant Hill called Plaintiff on or about July 20, 2011 and was informed by Plaintiff that he had retained an attorney and provided Defendant Hill the name and telephone number of attorney Lyons.

25. Defendant Hill responded to this attorney information stating that now the wage garnishment would proceed, in violation of 15 U.S.C. §1692e(5).

26. Defendant Hill concluded the conversation by demanding that Plaintiff have his attorney immediately contact Defendant Hill, in violation of 15 U.S.C. §1692c.

27. Plaintiff's attorney called Defendant Hill on July 21, 2011 and advised that he represented Plaintiff.

28. Despite this notification Defendants caused to be mailed to Plaintiff directly letters on July 23, 2011 according to United States Postal Service records, in violation of 15 U.S.C. §1692c(a)(2).

29. Defendants' conduct has caused Plaintiff embarrassment, humiliation and mental anguish.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

33. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

### COUNT II.

### INVASION OF PRIVACY - DEFENDANT GREAT LAKES ONLY

18. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated herein.

19. Defendant Great Lakes intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff when it disclosed his personal, private and confidential financial information to Plaintiff's father in an attempt to collect a debt.

20. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

21. The intrusions by Defendant Great Lakes occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiff's position.

22. As a result of Defendant Great Lakes's conduct, Plaintiff suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Great Lakes for:

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);
- actual and compensatory damages for Invasion of Privacy in an amount to be determined at trial;
- the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §
- 1692k(a)(3); and
- for such other and further relief as may be just and proper.

-7-

Dated this 9th day of September, 2011.    Respectfully submitted,


                                                By: s/Thomas J. Lyons_____
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:(651) 704-0907
tlyons@lyonslawfirm.com

ATTORNEY FOR PLAINTIFF